Hamilton Ward, J.
This action is brought pursuant to the provisions of article 7-B of the Personal Property Law (L. 1958, ch. 860, eff. Sept. 1, 1958) for judgment against the City of Niagara Falls awarding to the plaintiff, Hurley, the sum of $4,990, together with interest. The City of Niagara Falls is a stakeholder of this amount of money by order of Special Term Niagara County Justice Carman F. Ball (affd. Moraca v. Hurley, 22 A D 2d 473). The defendants counterclaim for the same relief.
There are no essential issues of fact in dispute. By agreement, counsel have stipulated all pertinent facts, with the exception of the nature of the defendants ’ hiring of the plaintiff. Testimony was taken on this issue.
I find that the plaintiff was an independent contractor at the time he became a “finder” (Personal Property Law, § 251, *1000 subd. 5) of “ lost property” (Personal Property Law, § 251, subd. 3) for reasons below.
It is not important and not controlling here whether the plaintiff, Hurley, was an employee under a duty to deliver found property to his employer (Personal Property Law, § 256, subd. 2, last sentence), or an independent contractor. The essential facts of the stipulations heretofore made are that Hurley entered into a written contract with the Moracas to completely remodel the basement of the privately owned and occupied residential property and under the exclusive control of the Moracas as tenants by the entirety. While carrying out this contract and while within the scope of his employment, Hurley discovered the above sum of money, consisting of packages of consecutively numbered 5 and 10 dollar bills, all carefully concealed under an old-fashioned wash basin in the basement of the defendants’ home and lying on the concrete floor in a bad state of deterioration. The condition of this money indicated that it had been in this hiding place for many years. The Moracas denied knowledge of the presence of the money in their home owned by them for 10 years; and at the time of the discovery, made no immediate claim of ownership except such as the law gave to them under the circumstances.
It is not necessary to recite here what transpired thereafter, except to point out that by order of Special Term of Niagara County, the money was deposited with the Police Department of Niagara Falls, New York, as provided for by subdivision 1 of section 252 of the Personal Property Law, to await the expiration of one year (Personal Property Law, § 253, subd. 7), during which time conflicting claims of ownership could be made to the Police Department of Niagara Falls and ultimately resolved.
I do not pass on the question as to whether an action such as this brought pursuant to the provisions of article 7-B of the Personal Property Law, should be brought by way of a summons and complaint, or should be brought by way of an order to show cause. When brought by a summons and complaint, the action may well be delayed because of calendar congestion; when brought by an order to show cause, a hearing can be had very promptly.
Subdivision 6 of section 256 of the Personal Property Law is not clear in its terms in describing the kind of a proceeding to be brought and I find no authority determining the practice to be followed. There are no controlling authorities on any of the provisions of this article as far as this court can determine. This proceeding is of first impression, unless it can be said that *1001 the order of Special Term of Niagara County and the affirmance thereof by the Appellate Division of the Fourth Judicial Department is such authority. This will be discussed below.
The issue here is: Are the provisions of article 7-B of the Personal Property Law applicable to a “finder” of “lost” property when such ‘ ‘ finder ” is an invitee on privately owned and occupied residential property and under the exclusive control of the owner or another lawfully occupying and in possession under the owner of such property?
Upon an examination of all the papers and proceedings in the earlier action brought by the Moracas against Hurley, I concluded that this controlling issue was not presented to Special Term of Niagara County or to the Appellate Division of the Fourth Judicial Department, and that neither the order of Special Term nor the Per Curiam decision of the Appellate Division of the Fourth Judicial Department has determined the issue as set forth. At the time of the earlier action, there had been no compliance with any of the provisions of article 7-B of the Personal Property Law, by Hurley. The action before the Special Term was in conversion, and although several months had passed since the “finding”, the one-year period had not run and there still was an opportunity for a true owner or other person claiming title to have such claims litigated as provided for by subdivision 6 of section 256 of the Personal Property Law. It seems to me that both Special Term and the Appellate Division acted in an equitable manner and by expediency to guard this money for whoever may be a true owner or owner by operation of law, should he appear within the one-year period.
I find that there has been no determination in any matter between these parties, and that the question of the applicability of article 7-B is still open for decision here.
I conclude that the provisions of article 7-B of the Personal Property Law are not applicable under the circumstances here, and that this article does not extend to or give any rights or benefits to a “finder” of any property or any instrument ‘ ‘ found ” by an invitee on privately owned and occupied residential property. Absent the applicability of this article, the ancient and well-established common law applies. The owner of such property, or one lawfully holding under the owner is entitled to possession of such property or instrument until or unless the true owner appears and establishes his right of ownership and possession. To hold otherwise would expose such privately owned and occupied residential property to the prying eyes and fingers of the very large number of public invitees, *1002 as well as social guests, who today by necessity must come onto private residential property for delivery of commodities, servicing of utilities and appliances, inspection, maintenance and repairs, to name but a few. If in the course of such invited entry to such property the invitee could claim a discovery of property or instrument, he could put the owner or lawful occupant of the real property to the inconvenience, expense and delay in establishing his ultimate ownership. The article itself is vague on what proof is sufficient to satisfy a Police Department which claimant is entitled to possession against the “finder ”. It seems to leave it to the discretion of the Police Department what proof of ownership the department might require. This should be a matter of interest for the Law Revision Commission.
Further, property and instruments of all kinds which are purposely hidden and concealed in the sanctuary of the home or in the usual use of the home could be lost or mislaid therein (the distinction is abolished by subdivision 3, section 251 of the Personal Property Law).
The true owner of property so hidden or concealed, unless with some indicia, would be hard put indeed to establish his right to possession in the light of vagueness or uncertainty of the above section of article 7-B. Older people, mistrustful of proper depositories of property or instruments often conceal such property or instruments about their residential property, and as they become more forgetful they have no recollection of the hiding place, only to be discovered many years later by some other owner or occupant. The invitee on private residential property should not stand ahead of others with a proper claim to ownership after discovery.
It seems to this court that the intent and the purpose of article 7-B of the Personal Property Law is set forth by the Law Revision Commission (1ST. T. Legis. Doc., 1958, No. 65[A]). This recommendation to the Legislature resulting in article 7-B was to establish a uniform statutory method of handling found property by Police Departments safeguarding “ lost ” property until true ownership could be determined and to reward a “ finder ” with irrevocable ownership, no true owner appearing.
This court holds that the Legislature did not extend to a “ finder ” any rights beyond a “ find ” made in a public place or in a means of public transportation, certainly not to a “ finder ” when an invitee on privately owned and occupied residential property.
Accordingly, judgment may enter dismissing the complaint herein, and an order is made thereon directing the City of *1003 Niagara Falls, by an appropriate officer, to deliver to Sam Moraca and Frances Moraca the sum of $4,990, however without interest, upon service upon the Corporation Counsel of the City of Niagara Falls a duly certified copy of the judgment and order to follow and upon the receipt by such officer of a properly executed receipt by the defendants, Sam Moraca and Frances Moraca, or their attorney. The plaintiff, Edward Hurley, is to pay the costs of this action to the defendants, Moracas; no costs against the City of Niagara Falls.